NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 11-16844 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00829-DGC |
| v. | |
| DERRAL G. ADAMS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
David G. Campbell, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Barry Louis Lamon appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil rights

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo both

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed Lamon's retaliation claims at screening because the third amended complaint failed to allege facts suggesting that the defendants retaliated against Lamon for exercising a constitutionally protected right or that the actions they took did not reasonably advance a legitimate correctional goal. *See Resnick*, 213 F.3d at 449 (setting forth standard).

The district court also properly dismissed Lamon's claim under the Religious Land Use and Institutionalized Persons Act because Lamon's conclusory allegations failed to identify the specific conduct by defendants that purportedly violated Lamon's rights under the Act. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("requiring enough facts to state a claim to relief that is plausible on its face.").

The district court properly granted summary judgment on Lamon's Eighth Amendment claims because Lamon failed to raise a genuine dispute of material fact as to whether defendants tainted or reduced his food portions. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (order) ("Conclusory,

speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact . . . .").

The district court also properly granted summary judgment on Lamon's claims that his First Amendment and Equal Protection rights were violated when defendant Zirkland canceled his religious diet ostensibly for having thrown the meals at staff because Lamon did not raise a triable dispute that his removal from the kosher meal program did not serve a legitimate correctional goal. *See Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

Lamon's remaining contentions, including his contention that the district court abused its discretion in denying his motion to file a fourth amended complaint, are unavailing.

**AFFIRMED.**